# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

MARTIN J. WALSH, SECRETARY OF : 
LABOR, UNITED STATES :
DEPARTMENT OF LABOR :
                               :
       Plaintiff, :
                               : Civil Action No.
v. :
                               :
C&S JONES GROUP LLC, CHARLES :
JONES, SABRIA JONES, and CSJG :
COLLECTIVE BARGAIN 401(k) PLAN :
                               :
       Defendants. :
                               :

## COMPLAINT

Martin J. Walsh, Secretary of Labor, United States Department of Labor, hereby alleges:

### JURISDICTION AND VENUE

1.　　　This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA.

2.　　　This Court has subject matter jurisdiction over this action under Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.　　　CSJG Collective Bargain 401(k) Plan ("Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3) that offers retirement benefits to its

participants, who are employees of C&S Jones Group LLC ("Company"). As such, the Plan is subject to the coverage of the Act, under Section 4(a) of ERISA, 29 U.S.C. § 1003(a).

4.      The Plan is administered in Baltimore, Maryland. Venue with respect to this action lies in the District of Maryland under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## THE PARTIES

5.      Under 29 U.S.C. § 1132(a)(2) and (5), the Secretary has the authority to enforce Title I of ERISA by filing civil actions to obtain remedies for violations of the statute.

6.      On or about June 30, 2010, the Company was duly organized as a limited liability company in the State of Maryland and currently maintains a principal place of business located at 400 E. Pratt St., 8th Floor, Baltimore, MD 21202. The Company characterizes itself as a government contractor dedicated to improving government and business operations, streamlining processes, and cost reduction. Its services include systems integration and consulting, infrastructure services, application management, procurement, business process services, and facility management.

7.      At all relevant times hereto, the Company has been the Plan Sponsor and Plan Administrator. As the Plan Administrator, the Company is a fiduciary to the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

8.      Further, at all relevant times hereto, the Company exercised discretionary authority or discretionary control respecting management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets, and had discretionary authority or discretionary responsibility in the administration of the Plan. The Company,

2

therefore, is a fiduciary of the Plan within the meaning of Section 3(21) of ERISA,

29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14)(A), (C),

and (G) of ERISA, 29 U.S.C. § 1002(14)(A), (C), and (G).

9.      Defendant Charles Jones and Defendant Sabria Jones are the sole members of the

Company, and both have a 50% ownership interest in the Company.

10.     Defendant Charles Jones is the President and Chief Executive Officer for the

Company and is a Trustee of the Plan. As the Plan's Trustee, Charles Jones is a fiduciary to the

Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

11.     Further, at all relevant times, Defendant Charles Jones exercised discretionary

authority or discretionary control respecting management of the Plan, exercised authority or

control respecting management or disposition of the Plan's assets, and had discretionary

authority or discretionary responsibility in the administration of the Plan. Defendant Charles

Jones is, therefore, a fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29

U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14)(A), (E), (F),

and (H) of ERISA, 29 U.S.C. §§ 1002(14)(A), (E), (F), and (H).

12.     Defendant Sabria Jones is a Trustee of the Plan. As the Plan's Trustee, Defendant

Sabria Jones is a fiduciary to the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C.

§ 1002(21).

13.     Further, at all relevant times, Sabria Jones exercised discretionary authority or

discretionary control respecting management of the Plan, exercised authority or control

respecting management or disposition of the Plan's assets, and had discretionary authority or

discretionary responsibility in the administration of the Plan. Sabria Jones is, therefore, a

fiduciary of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a

party-in-interest as that term is defined in Sections 3(14)(A), (E), (F), and (H) of ERISA, 29 U.S.C. §§ 1002(14)(A), (E), (F), and (H).

14.     The Plan is a 401(k) plan and is therefore an employee benefit plan under 29 U.S.C. § 1002(3). The Plan is joined as a party defendant under Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## FACTUAL ALLEGATIONS

### a. Missing Employee Contributions

15.     The Company established the Plan effective January 1, 2017.

16.     The Plan was established by the Company pursuant to a Collective Bargaining Agreement ("CBA") it entered with United Food Commercial Workers Local Union #8.

17.     The CBA obligated the Company to sponsor a 401(k) program for eligible employees.

18.     The Plan permitted contributions in the form of employer profit sharing contributions based on a prevailing wage contribution formula ("employer contributions"), employee Roth elective deferrals ("employee contributions"), and employee rollover contributions. Employer contributions were to be made by the Company on a bi-monthly basis. Employee contributions were to be made through payroll deductions.

19.     Commencing on or about January 1, 2017, the Company and Charles Jones oversaw and controlled the Company's finances, including payroll, making employer contributions to the Plan, and the withholding of compensation from employees for purposes of making employee contributions to the Plan.

20.     From December 15, 2017 through April 13, 2021, Charles Jones and the

Company withheld compensation from employees' paychecks based on instructions from the employees to withhold a portion of their wages for the purpose of making employee contributions to the Plan.

21.     From December 15, 2017 through March 31, 2022, Charles Jones and the Company failed to remit all of the withheld employee contributions to the Plan. Instead of being timely deposited in the Plan, these missing funds—Plan assets under ERISA—remained in the Company's business operating account and were used to pay the Company's operating expenses and debts.

22.     During this period, employee contributions deducted from payroll but not forwarded to the Plan amounted to at least $3,724.86.

23.     Unremitted employee contributions are assets of the Plan within the meaning of ERISA. Charles Jones and the Company exercised discretion and control over these Plan assets and, through that authority, failed to segregate them from the Company's general assets.

24.     Charles Jones and the Company failed to ensure that the Plan assets were remitted to the Plan.

**b.  Missing Employer Contributions**

25.     The terms of the Plan required the Company to make bi-monthly employer contributions in the form of prevailing wage contributions to Plan participants' accounts.

26.     From December 15, 2017 to March 31, 2022, the Company was obligated to make bi-monthly employer contributions to the Plan.

27.     Plan records reflect that during this period the Company failed to remit employer contributions to the Plan. Instead of being timely deposited in the Plan, these missing employer contributions remained in the Company's business operating account and were used to pay the

Company's operating expenses and debts.

28.     During this period, Company contributions were deficient by at least $63,984.50.

29.     Between December 15, 2017 and March 31, 2022, the Company had sufficient assets to make employer contributions, which the Plan's terms required. Notwithstanding this financial ability to pay, the Company failed to timely pay the required employer contributions.

30.     As Plan fiduciaries, Charles Jones, Sabria Jones, and the Company, had a duty to pursue claims on behalf of the Plan for which there was a reasonable likelihood of recovery. Notwithstanding a reasonable likelihood of recovery—demonstrated by the Company's financial ability to pay—Charles Jones, Sabria Jones, and the Company failed to take any action to compel the Company to pay the missing employer contributions.

### c.  Partial Payment and Interest

31.     As of October 29, 2021, the Company made restoration payments to the Plan in the total approximate amount of $22,810.97, but approximately $44,898.39 in contributions plus interest remain outstanding.

32.     As of October 18, 2022, interest due on unremitted employee contributions and unremitted employer contributions is approximately $6,327.54.

## VIOLATIONS

33.     The Secretary re-alleges and incorporates by reference Paragraphs 1 through 31 of this Complaint.

34.     Unremitted employee contributions are assets of the Plan within the meaning of ERISA. Charles Jones and the Company failed to ensure that these Plan assets were timely remitted to the Plan after Charles Jones and the Company withheld these funds from participants' paychecks.

6

35.     With regard to unremitted employer prevailing wage contributions, the Plan's terms required the Company to pay those amounts into Plan participants' accounts on a bi-monthly basis. The Company, however, did not timely pay the employer contribution. Recovery of these missing contributions was a claim belonging to the Plan, and there was a reasonable likelihood of recovery. Charles Jones, Sabria Jones, and the Company, as fiduciaries of the Plan, therefore had a duty to pursue remittance of these missing funds on behalf of the Plan. By failing to take action to compel the Company to pay missing employer contributions, Charles Jones, Sabria Jones, and the Company breached their fiduciary duties to the Plan.

36.     Charles Jones, Sabria Jones, and the Company each knowingly participated in or knowingly undertook to conceal acts or omissions of the other that they knew were violations of ERISA.

37.     Charles Jones, Sabria Jones, and the Company each failed to comply with ERISA Section 404(a)(1) in the administration of their specific fiduciary responsibilities and each enabled the other to commit breaches of ERISA.

38.     Charles Jones, Sabria Jones, and the Company each knew that the other had violated ERISA, but they did not make reasonable efforts under the circumstances to remedy the breaches.

39.     By the actions and conduct described in this Complaint, Charles Jones, Sabria Jones, and the Company, as fiduciaries of the Plan:

      a.     failed to hold all assets of the Plan in trust, in violation of Section 403(a) of ERISA, 29 U.S.C. § 1103(a);

      b.     failed to ensure that the Plan's assets did not inure to the benefit of the Company, in violation of Section 403(c)(1) of ERISA, 29 U.S.C.

7

§ 1103(c)(1);

c.    failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

d.    failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

e.    failed to discharge their duties with respect to the Plan in accordance with the documents and instruments governing the Plan, in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D);

f.    caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party-in-interest, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D);

g.    dealt with assets of the Plan in their own interest or for their own account, in violation of Sections 406(b)(1) and (2) of ERISA, 29 U.S.C. § 1106(b)(1) and (2);

h.     participated knowingly in, or knowingly undertook to conceal, acts or omissions by the other that they knew to be violations of ERISA, which renders them liable for the other's breaches of fiduciary responsibility under Section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1);

i.     failed to comply with Section 404(a)(1) of ERISA in the administration of their specific fiduciary responsibilities and each enabled the other to commit breaches of ERISA, which renders them liable for the other's breaches of fiduciary responsibility under Section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); and

j.     knew that the other had violated ERISA, but did not make reasonable efforts under the circumstances to remedy the other's breaches, which renders them liable for each other's fiduciary breaches under Section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

### Prayer for Relief

WHEREFORE, the Secretary prays that the Court issue an Order:

1.     Ordering Charles Jones, Sabria Jones, and the Company, jointly and severally, to restore to the Plan all losses, including interest or lost opportunity costs and the cost of an independent fiduciary, which were caused by their fiduciary misconduct;

2.     Ordering the Plan to set off any individual account balance of Charles Jones and Sabria Jones against the amount of losses, including interest or lost opportunity cost, and the cost of an independent fiduciary resulting from his fiduciary breaches, as authorized by 29 U.S.C. § 1056(d)(4), and allocating the account balance to the non-breaching participants, if the losses are not otherwise restored to the Plan by Charles Jones, Sabria Jones, and the

Company;

3.      Removing Charles Jones, Sabria Jones, and the Company as fiduciaries of the Plan and of any employee benefit plan for which they act as fiduciaries;

4.      Permanently enjoining Charles Jones, Sabria Jones, and the Company from acting directly or indirectly, in any fiduciary capacity, with respect to any employee benefit plan subject to ERISA;

5.      Permanently enjoining Charles Jones, Sabria Jones, and the Company from exercising any custody, control, or decision-making authority with respect to the assets of any employee benefit plan covered by ERISA;

6.      Appointing an independent fiduciary with plenary authority and control with respect to the management and administration of the Plan, including the authority to marshal assets on behalf of the Plan, to pursue claims on behalf of the Plan, and to take all appropriate actions for the administration, termination, and distribution of the Plan with all costs to be borne by Charles Jones, Sabria Jones, and the Company;

7.      Ordering Charles Jones, Sabria Jones, and the Company, their agents, employees, service providers, banks, accountants, and attorneys to provide the Secretary and the independent fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Secretary and the independent fiduciary of all contributions to the Plan and all transfers, payments, or expenses incurred or paid in connection with the Plan;

8.      Barring Charles Jones, Sabria Jones, and the Company from engaging in any future violations of ERISA, and;

9.      Awarding the Secretary the costs of this action; and such other relief as is

equitable and just.

Respectfully Submitted,

**UNITED STATES DEPARTMENT OF LABOR**

Mailing Address:

Seema Nanda
Solicitor of Labor

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968

Oscar L. Hampton III
Regional Solicitor

*/s/ Erik S. Unger*
Erik S. Unger
Trial Attorney
NJ #303442019
NY #4670675
PA #323903

(215) 861-5140 (voice)
(215) 861-5162 (fax)
Unger.erik.s@dol.gov